IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN D. GLADNEY, #04490-007 | : |
| Petitioner | : |
| v. | : CIVIL ACTION NO. CCB-07-1191 |
| LISA HOLLINGSWORTH, Warden | : |
| Respondent | : |

## MEMORANDUM

Before the court is a pro se 28 U.S.C. §2241 petition filed by John D. Gladney, a D.C. Code offender and an inmate at the Federal Correctional Institution in Cumberland, Maryland, challenging the authority of the United States Parole Commission to revoke his parole and the calculation of his sentence. Counsel for respondent has filed an answer.[1] Upon review of the pleadings, exhibits, and applicable law, the court determines that a hearing is unnecessary. The petition will be denied and dismissed for the reasons that follow.

**Claims Presented**

Gladney claims that he is in custody "without an official judgment and commitment order signed by his trial judge." Petition, p. 5. Additionally, Gladney complains that he should be awarded "street time credit" and the "state 65% scale" should be applied to his sentence calculation.

**Factual Background**

Gladney was convicted under the District of Columbia Code and is serving a parole violator term. On June 15, 2004, the Superior Court of the District of Columbia sentenced Gladney to fifteen months imprisonment to be followed by five years of supervised release following his conviction for possession with intent to distribute heroin. On June 10, 2006, Gladney was released on

---

[1] Gladney was provided notice pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), but has not filed a reply.

supervision to the United States Parole Commission (Parole Commission). On October 3, 2006, the Parole Commission revoked Gladney's supervision and he was ordered to serve twelve months incarceration to begin on October 3, 2006, with forty-eight months supervision upon release. Presently, Gladney's projected release date is October 2, 2007. Gladney has not presented his claims through the BOP administrative remedy procedure.

**Exhaustion of Remedies**

A petitioner must exhaust administrative remedies before bringing a §2241 action. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). The purpose of the exhaustion requirement is to provide a possible solution to the inmate's claim, thereby obviating the need for litigation. The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.* An inmate may first attempt informal resolution. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. §542.14. If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a). Gladney has yet to exhaust his claims through the administrative process. Accordingly, the petition is subject to dismissal.

Further, even were the claims raised herein fully exhausted, they are without legal merit. The

U.S. Parole Commission exercises jurisdiction over District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No 105-33§ 24-131(a), and is authorized to revoke parole or modify conditions of D.C. Code offenders.[2] If a parolee violates the conditions of his release, the Parole Commission is authorized to issue a "warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.20. The Parole Commission does not exercise a judicial function, and there is no violation of the doctrine of separation of powers.[3]

To the extent Gladney also disputes the calculation of his sentence, judicial review of U.S. Parole Commission decisions is limited. *See Garcia v. Neagle*, 660 F.2d 983, 989 (4th Cir. 1981). Gladney fails to show the Parole Commission acted in contravention of law or outside the scope of discretion granted by Congress.

---

[2] *See* D.C. Code § 24-131, which provides in part that "the United States Parole Commission shall assume any remaining powers, duties, and jurisdiction of the Board of Parole of the District of Columbia, including jurisdiction to revoke parole and to modify the conditions of parole, with respect to felons." The D.C. Code further provides:

> The Agency [Court Services and Offender Supervision Agency] shall supervise any [D.C.] offender who is released for imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia. Such offender shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release. The United States Parole Commission shall have and exercise the same authority as is vested in the United States district courts by paragraph (d) through (l) of §3583 of Title 18, United States Code.

D.C. Code §24-133 (formerly codified at §24-1233).

[3] *See Geraghty v. United States Parole Commission,* 719 F.2d 1199, 1211-12 (3rd Cir. 1983); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) ("In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determine whether the individual will serve the sentence inside or outside the prison wall.").

**Conclusions**

       For these reasons, the court will deny and dismiss the petition.  A separate order follows.


| September 17, 2007 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |